UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AT&T CORPORATION,

        Plaintiff,

    v.                                                                 C-1-07-270

TERRACE PROPERTIES, et al.,

        Defendants.

## **ORDER**

This matter is before the Court upon plaintiff 's motion for summary judgment (doc. no. 18), defendant Emanuel Organek's opposing memorandum (doc. no. 26), plaintiff's reply brief (doc. no. 31);  defendant Emanuel Organek's motion for summary judgment (doc. no. 21), plaintiff's opposing memorandum (doc. no. 25), defendant Emanuel Organek's reply brief (doc. no. 32);  the parties' proposed findings of fact and conclusions of law highlighted by the opposing side (doc. nos. 24 and 29); and defendant Terrace Properties Limited Partnership's Motion for Extension of Time to File Memorandum in opposition to Motion for Summary Judgment (doc. no. 30), plaintiff AT&T's Memorandum in Opposition (doc. no. 33) and defendant's Reply (doc. no. 34).  A Hearing was held on Wednesday, June 18, 2008.

**I. Procedural history**

Plaintiff commenced this action against defendants Terrace Properties Limited Partnership ("TPLP") and Emmanuel Organek ("Organek") seeking to recover the amount owed on a Promissory Note ("Note") as modified by the First Modification ("Modified Note"). Plaintiff alleges that TPLP has defaulted in its payments and owes AT&T the sum of Two Hundred Ninety Thousand Six Hundred and Forty Two Dollars and Forty Six Cents, with interest thereon at the rate of 8.0% per annum. The interest sought is $279,239.70 for a total of $569,882.16. Jurisdiction is premised under 28 U.S.C.§ 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Plaintiff also alleges in the complaint that TPLP's president, Organek, in his individual capacity, acted as a limited guarantor of the Modified Note. Under the terms of the Modified Note, plaintiff alleges, Organek became personally liable.

## II. Motion for summary judgment

Plaintiff moves the Court for summary judgment against both defendants because there are no disputed issues of material fact. Plaintiff argues that the uncontested record establishes that TPLP has failed to make the payment that is due and owing on the Modified Note issued by TPLP to AT&T and that defendant Organek owes the amount of the payment to AT&T as a guarantor.

In response and in his own motion for summary judgment, defendant Organek argues that he signed the note as a "Limited Guarantor" whose liability arose only upon certain conditions, which have not occurred. Organek claims that, under the plain reading of the Modified Note in

its entirety, Organek would only be personally liable to AT&T if it established that TPLP was either not a limited partnership or if TPLP became less than a majority owner of the equity interests in the Oliveye Entities. Defendant asserts that if the Modified Note is not read in this manner, there is a genuine issue of material fact whether he is liable which must be decided by a jury.

Additionally, defendant TPLP moves the Court for an extension of time in which to file an opposition to plaintiff's motion for summary judgment (doc. no. 18). Defendant TPLP requests the time to conduct further discovery so that it may assert its fraud and other claims and seek information from Plaintiff to properly oppose its Motion for Summary Judgment filed on March 17, 2008. Plaintiff opposes the extension and defendant's assertion of any additional claims.

### III. Findings of fact

1. Plaintiff, AT&T, is a New York corporation with its principal place of business in New Jersey.
2. Defendant, Terrace Properties Limited Partnership ("TPLP"), is an Ohio limited partnership.
3. Defendant, Emanuel Organek, is a citizen of Florida.
4. AT&T sold property at 15 W. Sixth Street, Cincinnati, Ohio.
5. On September 30, 1994, TPLP executed and delivered to AT&T a promissory note (the "Note") for the sum of $290,642.46.
6. Defendant, Organek, signed the Note in his individual capacity as a Limited Guarantor.

7.  The property was separated into three condominium units: a retail space condominium, a hotel space condominium, and an office space condominium.

8.  As a result of the sale, Oliveye Retail Limited Partnership took title to the retail space condominium; Oliveye Hotel Limited Partnership took title to the hotel space condominium; and Oliveye Office Limited Partnership took title to the office space condominium.

9.  TPLP was, and is, a limited partner in each of the three Oliveye entities that owned the building at 15 W. Sixth Street, Cincinnati, Ohio (the "Terrace Condominiums") including Oliveye Retail Limited Partnership, Oliveye Hotel Limited Partnership, and Oliveye Office Limited Partnership.

10. Also on September 30, 1994, AT&T entered into a lease agreement with Oliveye Office Limited Partnership for the lease of office space at 15 W. Sixth Street, Cincinnati, Ohio. The lease was later amended to extend the date of expiration of the lease to October 5, 2004.

11. On July 14, 1999, simultaneously with the execution of a settlement agreement, TPLP and Organek executed and delivered to AT&T the first Modification of the Note (the "Modified Note")which modified their obligations under the Note. Sections 2 and 3 of the Modified Note are pertinent to the Court's inquiry in this case.

12. Section 2: Amendment of the *Original Promissory Note.*

>   (a) The maturity date of September 30, 1996 stated in the *Original Promissory Note* is changed to the earliest of the following: (i)the date on which *Retail Unit Owner* conveys any fee simple interest in the *Retail Unit* of the *Terrace Condominium;* (ii)the date on which *Maker* or Oliveye Retail Corporation, an Ohio corporation, transfers all or any of its respective interest in *Retail Unit Owner*

      (iii)the date on which *Hotel Unit Owner* coveys any fee simple interest in the *Hotel Unit* of the *Terrace Condominium;* (iv)  the date on which *Maker* or Oliveye Hotel Corporation, an Ohio corporation, transfers all or any of its respective interest in *Hotel Unit Owner*; (v)  the date on which *Office Unit Owner* coveys any fee simple interest in the *Office Unit* of the *Terrace Condominium;* (vi)  the date on which *Maker* or Oliveye Retail Corporation, an Ohio corporation, transfers all or any of its respective interest in *Office Unit Owner;* (vii)  the date of termination of the current term of the agreement of lease between *Office Unit Owner* and *AT&T* dated as of September 30, 1994 and amended by letter agreement dated December 22, 1994 and second lease amendment dated July 14, 1999.

      (b) The principal sum, and all unpaid interest accrued through the *First Modification Date* , and all interest that accrues after the *First Modification Date*, shall be due and payable in a single payment on the new maturity date specified in paragraph (a) above.

      ( c) *AT&T* waives and releases  *Maker* from any and all late charges under paragraph 2 of the *Original Promissory Note* that have accrued through the *First Modification Date*.  *AT&T* and *Maker* verify and affirm that (i) the annual rate of interest on the outstanding principal balance is eight percent (8%), accruing from September 30, 1994; and (ii) that the outstanding unpaid principal balance as of the *First Modification Date* is $290,642.46; and (iii) the accrued and unpaid interest is $99,662.50 as of the *First Modification Date* .

13.    Section 3: Limited guaranty.

      (a)  *Maker* covenants and represents that *Maker* is a limited partner in *Hotel Unit Owner, Retail Unit Owner,* and *Office Unit Owner*, and that *Maker*, through *Maker's* ownership of these limited partnership interests in the *Hotel Unit Owner, Retail Unit Owner,* and *Office Unit Owner,* is the beneficial owner of a majority of the equity interests in each of the units of the three condominium units that comprise *Terrace Condominium,* and that these representations are true as of the First Modification Date, and will continue to be true until all sums due under the *Original Promissory Note*, as modified by this *First Modification*, are paid in full.

      (b) *Limited Guarantor* personally guarantees the covenants

>   of the *Maker* and the accuracy of the representations of the *Maker* which are contained in **paragraph (a)** above in this **Section 3.** If said covenants are breached by *Maker* or if said representations shall prove to be untrue in any material respect, then *Limited Guarantor* shall be personally liable for the payment of all sums due under the *Original Promissory Note*, as modified by this *First Modification.*

14. On or about October 5, 2004, the lease between AT&T and Oliveye Office Limited Partnership for office space at Terrace Condominium expired.

15. All monies owed under the Modified Note became due and owing on October 5, 2004.

16. TPLP defaulted on its interest payments under the Note and failed to pay the principal and interest when they became due.

17. On December 1, 2005, Oliveye Hotel Limited Partnership conveyed its entire interest in the hotel unit of Terrace Condominiums and Oliveye Retail Limited Partnership conveyed its entire interest in the retail unit of Terrace Condominium. On March 16, 2006, Oliveye Office Limited Partnership conveyed its entire interest in the office unit of Terrace Condominium.

18. TPLP has failed to make any payments under the terms of the Note, as modified by the Modified Note.

19. TPLP, through its ownership of the Oliveye Entities, is no longer the beneficial owner of any of the three units comprising the Terrace Condominiums.

### IV. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. Summary Judgment is proper "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56( c). This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). In evaluating the evidence presented, a court must draw all inferences in the light most favorable to the non-moving party. *Matsushia Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson* , 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Savedoff v. Access Group, Inc.,* 524 F.3d 754, 762 (6th Cir. 2008)(quoting *Matsushia*, 475 U.S. at 587).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249 (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477

U.S. at 249.

The substantive law of the forum state is applied to actions brought pursuant to diversity jurisdiction. *Erie R.R.Co. v. Tompkins,* 304 U.S. 64, 78 (1938); *Savedoff,* 524 F.3d at 762. To establish a breach of contract claim in Ohio, a plaintiff must prove, by a preponderance of the evidence, "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Savedoff,* 524 F.3d at 762 (quoting *Jurupan v. Hanna,* 173 Ohio App.3d 284, 878 N.E.2d 66, 73 (2007)); *accord Lawrence v. Lorain Cty. Comm. College,* 127 Ohio App.3d 546, 549, 713 N.E.2d 478 (1998).

Under Ohio law, the interpretation of written contract terms, including whether those terms are ambiguous, is a matter of law for initial determination by the court. *Parrett v. Am. Bldg. Co.,* 990 F.2d 854, 858 (6th Cir.1993)(applying Ohio law). Where the terms in a contract are not ambiguous, courts are constrained to apply the plain language of the contract. *City of St. Marys v. Auglaize Cty. Bd. Of Commrs.,* 115 Ohio App.3d 387, 875 N.E.2d 561, 566 (2007). Contractual language is ambiguous "only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations." *Covington v. Lucia,* 151 Ohio App.3d 409, 784 N.E.2d 186, 190 (2003) (quoting *Potti v. Duramed Pharmaceuticals,* 938 F.2d 641, 647 (6th Cir.1991)(applying Ohio law).

## V. Opinion

There are no disputed genuine issues of material fact. AT&T is entitled to judgment as a matter of law against TPLP based on its default under the terms of the Note, as modified by the

Modified Note.  AT&T has proven all of the elements of breach of contract.

It is undisputed that AT&T loaned money to TPLP, in exchange for the execution of a Note, in which TPLP promised to repay that principal amount and interest on a certain date.  It is further undisputed that TPLP and Organek subsequently executed a Modified Note, which modified their obligations under the Note.

The maturity date of the Modified Note was to occur at the earliest of the seven events listed in the Modified Note.  On October 5, 2004, one of the triggering events (Section 2(vii)) occurred: that is, the Lease Agreement, as modified by the Amended Lease Letter Agreement, between AT&T and Oliveye Office Limited Partnership terminated, or expired.  On this date, all sums due under the Modified Note became due and owing to AT&T.

Three additional triggering events have occurred since this time.  First, on December 1, 2005, Oliveye Retail Limited Partnership conveyed its entire interest in the retail unit of Terrace Condominiums and Oliveye Hotel Limited Partnership conveyed its entire interest in the hotel unit of Terrace Condominiums.  On March 16, 2006, Oliveye Office Limited Partnership conveyed its entire interest in the office unit of Terrace Condominiums.  Each of these three events was sufficient to trigger the maturity of the Modified Note, had it not been previously triggered by the expiration of the lease between AT&T and Oliveye Office Limited Partnership on October 5, 2004.

It is undisputed that TPLP has failed to make any payments under the Modified Note. Thus, TPLP is in default of the terms of the Note, as modified by the Modified Note.

In Section 3 of the Modified Note, Organek personally guaranteed the covenants made by TPLP by pledging "[i]f said covenants are breached by TPLP or if said representations shall

prove to be untrue in any material respect, then [Organek] shall be personally liable for the payment of all sums due . . .." Specifically, TPLP covenanted its status as beneficial owner of each of the three units in Terrace Condominium until all sums were paid in full. Each of the three units was sold by the respective Oliveye entity to a third party in which TPLP had no interest. Since the sums due have not been paid in full, the covenant has been breached. As a result, Organek is personally liable for all sums due based on his personal guarantee.

Defendant, Organek's, interpretation of Section 3 ignores the plain language of Section 3 which states that he becomes liable when TPLP is not the beneficial owner of a majority of the equity interests in each of the units of the three condominium units that comprise *Terrace Condominium*. The wording is not susceptible of two or more reasonable interpretations. Accordingly, plaintiff's motion for summary judgment is well-taken as to both defendants. Defendant Organek's motion for summary judgment must be denied.

For the reasons discussed on the record at the Hearing and based on the findings contained in this Order, the motion for extension of time is denied.

### VI. Conclusion

AT&T is entitled to judgment as a matter of law against defendant TPLP based on its default under the terms of the Note as modified by the Modified Note.

Organek is personally liable for the payment of all sums due under the Modified Note based on his guaranty that TPLP, through its interest in Oliveye Office Limited Partnership, Oliveye Retail Limited Partnership and Oliveye Hotel Limited Partnership, would continue to be the beneficial owner of a majority of the equity interests in each of the three condominium

units that comprise Terrace Condominium until all sums due under the Modified Note were paid in full.  TPLP is no longer the beneficial owner of the three units comprising the Terrace Condominium.  Judgment as a matter of law is appropriate against defendant Organek.

In accordance with the foregoing, plaintiff's motion for summary judgment (doc. no.18) is **GRANTED.**  Plaintiff is awarded judgment against defendants Terrace Properties Limited Partnership and Emanuel Organek jointly and severally in the amount of $569,822.16 plus interest from April 2, 2007,  at 8%  per annum, costs, and attorneys fees.

Defendant Organek's motion for summary judgment (doc. no. 21) is **DENIED.**  Defendant's motion for extension (doc. no. 30) is rendered **MOOT** and **DENIED.**   This case is TERMINATED from the docket of this Court.

**IT IS SO ORDERED.**

_____**S/Herman J. Weber**_____
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT